UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO ANDRES BULAHAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JOEL D. MARTINEZ,<br><br>　　　　　Respondent. | No. 2:17-cv-00104 KJM GGH<br><br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction*

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the grounds that the petition: (1) is successive under 28 U. S. C. § 2244(b); and (2) is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 10. Petitioner has filed an opposition, ECF No. 13, which respondent has filed a reply. ECF No. 14. After carefully reviewing the filings, the court now issues the following findings and recommendations. The petition is successive.

*Background*

On January 9, 2013, petitioner was convicted in the Sacramento County Superior Court for first degree murder with personal use of a deadly weapon. Resp't's Lodg. Doc. No. 1. He was sentenced for an indeterminate term of 26 years to life with the possibility of parole. Id. On

1

June 9, 2014, the California Court of Appeal, Third Appellate District, affirmed the judgment. Resp't's Lodg. Doc. No. 2. On August 13, 2014, the California Supreme Court denied review. Resp't's Lodg. Doc. No. 4. Subsequently from 2014 to 2016, petitioner filed four *pro se* applications for state post-conviction relief.

The first state habeas petition was filed in the Sacramento County Superior Court on September 28, 2014, and denied on November 20, 2014. Resp't's Lodg. Doc. Nos. 5, 6. The second state habeas petition was filed in the California Court of Appeal, Third Appellate District on November 26, 2014, and denied on December 4, 2014. Resp't's Lodg. Doc. Nos. 7, 8. Petitioner filed his third state habeas petition in the California Supreme Court on December 8, 2014, and denied on February 18, 2015. Resp't's Lodg. Doc. Nos. 9, 10. The fourth state habeas petition was filed on October 6, 2016 with the California Supreme Court, and denied on November 30, 2016. Resp't's Lodg. Doc. Nos. 11, 12.

On July 14, 2015, petitioner filed a petition for federal habeas relief in this court. See Bulahan v. Lackner, No. 2:15-cv-01512 KJM GGH (E.D. Cal.), Resp't's Lodg. Doc. No. 13. On April 18, 2016, an Order and Findings and Recommendations recommended the petition be denied on the merits as to ground 1[1] and granted petitioner's request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a) as to grounds two and three. Resp't's Lodg. Doc. No. 15; see also Bulahan v. Lackner, No. 2:15-cv-01512 KJM GGH, 2016 WL 1559297, at *12 (E.D. Cal. Apr. 18, 2016). On September 28, 2016, the Findings and Recommendations were adopted in full. Resp't's Lodg. Doc. No. 16.

The instant petition was filed on January 17, 2017. ECF No. 1. In his petition, petitioner raises only one ground: that there was insufficient evidence to support a conviction of first degree murder. ECF No. 1 at 6-11.

////

---

[1] In Bulahan v. Lackner, petitioner sought federal habeas relief on the following three grounds: "(1) insufficient evidence to support a finding of premeditation and deliberation; (2) CALCRIM No. 362 violates due process, where the language held by this court to rescues the previous pattern instruction (CALJIC No. 2.03) from a due process violation has been replaced with antithetical language; and (3) ineffective assistance of counsel." Bulahan, 2016 WL 1559297, at *1 (internal quotations omitted).

2

*Discussion*

Successive Petition

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "generally limits a petitioner to one federal habeas corpus motion and precludes second or successive habeas corpus petitions unless the petitioner meets certain narrow requirements. Jones v. Ryan, 733 F.3d 825, 834 (9th Cir. 2013) (citing 28 U.S.C. § 2244(b)) (internal quotations omitted). "The statute provides that '[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless' it 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable' or on newly discovered facts that show a high probability of actual innocence." Jones, 733 F.3d at 834 (citing 28 U.S.C. § 2244(b)(2)(A)-(B), and Gonzalez v. Crosby, 545 U.S. 524, 529-30 (2005)). " 'Generally, a new petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition.' " Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) (quoting Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001)).

However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." Woods, 525 F.3d at 888 (citing 28 U.S.C. § 2244(b)(3)(A)). A successive habeas petition may not be filed in this district court without prior authorization from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007). Once a district court recognizes a petition is "second or successive," it lacks jurisdiction to consider the merits of the petition. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).

Petitioner argues that his 2015 habeas petition was not decided on the merits. However that is incorrect. The claim regarding insufficient evidence in the previous petition was

////

////

////

3

adjudicated upon the merits.[2] It matters not that petitioner has slightly changed the wording of his insufficient evidence claim in the present petition, or that he has discovered a new case to argue. Because petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition, petitioner cannot proceed with his successive petition unless, and until, he obtains such an order. Therefore, this successive petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.[3]

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. Petitioner's Petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, be dismissed without prejudice as second or successive under 28 U.S.C. § 2244(b).

If petitioner files objections, he shall also address if a certificate of appealability should issue. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

////

---

[2] This district court denied on the merits ground one from petitioner's 2015 habeas petition. See Bulahan v. Lackner, No. 2:15-cv-01512 KJM GGH, 2016 WL 1559297 (E.D. Cal. Apr. 18, 2016). In addressing ground one, which challenged that there was insufficient evidence to support a finding that petitioner had acted with premeditation and deliberation to support a verdict of first degree murder, the district court evaluated the state appellate court's determination and determined that "there was sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that petitioner acted with the intent to kill the victim after having deliberated about it." Id. at 11. The court found that the witness' testimony from Metzler, whom petitioner argues in his current petition, provided uncorroborated testimony that was insufficient evidence to support his first degree murder conviction, supported the prosecution's theory of first degree murder. Id. at 10. The court further found that although Metzler did not have "personal or eyewitness knowledge of the homicide," there was sufficient testimony to support a theory of first degree murder based on Metzler and other witnesses' testimony. Id. at 9. Ultimately, the court found that clear and convincing evidence did not exist to support a finding that the jury's decision to convict was based on insufficient evidence. Id. at 11.

Although the second and third ground in petitioner's 2015 habeas petition were voluntarily dismissed pursuant to Fed. R. Civ. Proc. 41(a) and Rule 12 of 28 U.S.C. § 2254, these claims were not presented in the current petition and therefore will not be addressed by the undersigned.

[3] The undersigned will not rule on respondent's timeliness claim.

4

certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: January 11, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE